IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELIZABETH DUNCAN,<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 4:26-CV-261 |
| CAREATC, INC. and<br>CATC MEDSTAFF, PC<br>　　Defendant. | §<br>§<br>§<br>§ | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Elizabeth Duncan ("hereinafter "Plaintiff" and "Duncan"), and files this complaint against CareATC, Inc. (hereinafter CareATC) and CATC Medstaff, PC (hereinafter "CATC") (collectively hereinafter "Defendants"), and would respectfully show the Court as follows:

## I.  PARTIES

1.　　Plaintiff Elizabeth Duncan is an individual residing in Fannin County, Texas.

2.　　Defendant CareATC, Inc. ("CareATC") is a foreign for-profit corporation doing business in Grayson County, Texas and may be served by serving its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.　　Defendant CATC Medstaff, PC ("CATC") is a foreign for-profit corporation doing business in Grayson County, Texas and may be served by serving its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. JURISDICTION

4.    Jurisdiction is founded on federal question, specifically 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.    Venue is proper in Grayson County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Grayson County, Texas.

6.    All prerequisites to filing suit have been met.

## III. FACTS

7.    Plaintiff was employed as an Advanced Practice Clinician by Defendants for approximately two years.  Defendants provide on-site medical staff to employers.  She was assigned to Defendants' clinic at Ruiz Foods in Denison, Texas.  Plaintiff maintained a strong work record and received no disciplinary actions.

8.    Upon information and belief, Defendants had fifteen or more or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under Title VII.

9.    On or about October 2, 2025, Julie Downey, M.D., Zone VP Medical, Shared Sites for CareATC, and Melinda Armstrong, Human Resources for CATC, informed Plaintiff her contract was being terminated effective January 1, 2026 because she does not speak Spanish. Plaintiff's contract, entered on February 3, 2024, did not require she be bilingual in Spanish.  Furthermore, Plaintiff was never asked if she spoke Spanish.

10.    Plaintiff's job description did not include being bilingual in Spanish as a requirement of the position of Advanced Practice Clinician.

**Complaint** - **Page 2**
federal\Duncan\complaint.01\022526\jrh

11.    Upon information and belief, no other healthcare employees at Defendants' clinic were required to be bilingual in Spanish.

12.    On or about November 3, 2025, Defendants offered Plaintiff a position as a PRN nurse at the Ruiz Foods facility.  When Plaintiff asked about a Spanish language requirement, Dr. Downey informed her there was no language requirement for the PRN position.

13.    At the time of her discharge, Plaintiff was earning $153,212.80 per year plus benefits.  In 2025, she earned $149,709.52.

14.    Plaintiff alleges she was been discriminated against based on her race/ethnicity and national origin (South Korean).

15.    Plaintiff contends that Defendants violated 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of  42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

16.    Plaintiff incorporates the factual allegations contained in paragraphs 5-15 herein as if set out verbatim.

17.    Plaintiff alleges that she was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff from discrimination in the workplace based on her race/ethnicity and national origin (South Korean).

18.    Plaintiff was well qualified for the position of Advanced Practice Clinician based upon her education, training, and approximately twenty-six (26) years of experience in nursing.

19.    Any reason Defendants may give for discharging Plaintiff as Advanced Practice Clinician is purely pretextual, as the reason given, a Spanish language requirement, was not part of her job

description.  Upon information and belief, no other healthcare employees at Defendants' clinic were required to be bilingual in Spanish.

20.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C.A.  § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

21.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A.  § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

22.     On or about January 13, 2026, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On January 22, 2026, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated January 22, 2026.

23.     In addition to Counts I, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

**A.     Discrimination on the Basis of Race**

24.     Plaintiff incorporates the factual allegations contained in paragraphs 5-15 herein as if set out verbatim.

25.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination in the workplace based on her race/ethnicity and national origin (South Korean).

26.     Plaintiff was well qualified for the position of Advanced Practice Clinician based upon her education, training, and approximately twenty-six (26) years of experience in nursing.

27.     Any reason Defendants may give for discharging Plaintiff as Advanced Practice Clinician is purely pretextual, as the reason given, a Spanish language requirement, was not part of her job

description. Upon information and belief, no other healthcare employees at Defendants' clinic were required to be bilingual in Spanish.

28. Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

29. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

30. On or about January 13, 2026, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On January 22, 2026, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated January 22, 2026.

## VI. DAMAGES

31. Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct.

32. Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

33. Plaintiff claims all relief, legal and equitable that effectuate her rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

## VII. ATTORNEY'S FEES

34. Plaintiff would show that, as a result of Defendants' wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorneys' fees.

## VIII. JURY DEMAND

35. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing

hereof, Plaintiff have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; liquidated damages; mental anguish; reasonable attorneys' fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**